IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Frederick Mouzone, | ) C/A No. 2:14-427-DCN-BHH |
|                     Plaintiff, | ) |
| vs. | ) **REPORT AND RECOMMENDATION** |
| Thomas Fox, Jail Director of J. Reuben Long Detention Center, | ) |
|                     Defendant. | ) |

Plaintiff, Frederick Mouzone ("Plaintiff"), a pretrial detainee in Horry County's J. Reuben Long Detention Center ("JRLDC") in Conway, South Carolina, proceeding pro se and in forma pauperis, brings this action on a state prisoner complaint form, which is construed as a claim filed pursuant to 42 U.S.C. § 1983.[1] Plaintiff names as Defendant Thomas Fox, JRLDC Director. Under Local Civil Rule 73.02(B)(2) of the United States District Court for the District of South Carolina, pretrial proceedings in this action have been referred to the assigned United States Magistrate Judge.

**PRO SE AND IN FORMA PAUPERIS REVIEW**

---

[1] Section 1983 is the procedural mechanism through which Congress provided a private civil cause of action based on allegations of federal constitutional violations by "person(s)" acting "under color of state law." See Jennings v. Davis, 476 F.2d 1271 (8th Cir. 1973). The purpose of § 1983 is to deter state actors from using their badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails. See McKnight v. Rees, 88 F.3d 417(6th Cir. 1996). In order to state a cause of action under 42 U.S.C. § 1983, a plaintiff must allege that: (1) individual defendant(s) deprived him of a federal right, and (2) did so under color of state law. Gomez v. Toledo, 446 U.S. 635, 640 (1980); see Hall v. Quillen, 631 F.2d 1154, 1155-56 (4th Cir. 1980).

1

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (DSC), the undersigned is authorized to review <u>pro se</u> complaints and petitions for relief and submit findings and recommendations to the District Court. Title 28 U.S.C. § 1915A(a) requires an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." The <u>in forma pauperis</u> statute authorizes the District Court to dismiss a case if it is satisfied that the action is frivolous or fails to state a claim on which relief may be granted. 28 U.S.C. §1915(e)(2)(B)(i) and (ii). As a <u>pro se</u> litigant, the plaintiff's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by lawyers. <u>See</u> <u>Erickson v. Pardus</u>, 551 U.S. 89, 94 (2007) (per curiam). However, even under this less stringent standard, a <u>pro se</u> pleading remains subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. <u>Weller v. Dept. of Social Services</u>, 901 F.2d 387, 391 (4th Cir. 1990).

## BACKGROUND

Plaintiff's Complaint describes the issue he is attempting to litigate as "careless indifference for inmate safety by failing to enforce safety procedures." Complaint, ECF No. 1, p. 2. Plaintiff's factual allegations are:

> Through the neglect of safety policy, being carelessly indifferent to my safety, the J. Reuben Long Detention Center failed to provide wet floor warning signs, and as a result of me entering from a detached room, entered into an area I was not aware of nor could recognize that was mopped and I slipped and fel[l] injuring my back. This slip and fall is recorded on security monitor camera. Director Thomas Fox failed to enforce the safety policy of implementing wet floor signs, as he is the policy director of the J. Reuben Long Detention Center where I am detained, therefore in careless

2

> indifference to my safety Thomas Fox has abridged my eight[h] amendment protection against cruel and unusual punishment.

Complaint, ECF No. 1, p. 3. Plaintiff asks for "punitive and actual damages for pain, suffering and for medical bills." Complaint, ECF No. 1, p. 4. Plaintiff alleges that there is a grievance procedure at the Detention Center, but that he did not file a grievance. Plaintiff alleges that he "brought attention about indifference to safety" to Detention Center authorities, but "was put off by the administration." Complaint, ECF No. 1, p. 2.

## DISCUSSION

Although Plaintiff cites the Eighth Amendment as the basis for his claim, "[a]s a pretrial detainee, [Plaintiff's] treatment and the conditions of his restraint are evaluated under the Due Process Clause of the Fourteenth Amendment." Robles v. Prince George's Cnty., Md., 302 F.3d 262, 269 (4th Cir. 2002); accord Bell v. Wolfish, 441 U.S. 520, 535 n.16 (1979) ("The Court of Appeals properly relied on the Due Process Clause rather than the Eighth Amendment in considering the claims of pretrial detainees."). As a practical matter, however, the Eighth and Fourteenth Amendments provide the same guarantee, i.e., "when the State takes a person into its custody and holds him there against his will, the Constitution imposes upon it a corresponding duty to assume some responsibility for his safety and general well-being." DeShaney v. Winnebago Cnty. Dep't of Soc. Servs., 489 U.S. 189, 199-200 (1989). In other words, "when the State by the affirmative exercise of its power so restrains an individual's liberty that it renders him unable to care for himself, and at the same time fails to provide for his basic human needs - e.g., food, clothing, shelter, medical care, and reasonable safety - it transgresses the substantive limits on state action set by the Eighth Amendment and the Due Process Clause." Id. at 200.

"It is not, however, every injury suffered by one prisoner [or pretrial detainee] at the hands of another that translates into constitutional liability for prison [or detention center] officials responsible for the victim's safety." Farmer v. Brennan, 511 U.S. 825, 834 (1994). The United States Supreme Court has "held that the Due Process Clause of the Fourteenth Amendment is not implicated by the lack of due care of an official causing unintended injury to life, liberty or property." Davidson v. Cannon, 474 U.S. 344, 347 (1986). Negligence, in general, is not actionable under 42 U.S.C. § 1983.[2] See Daniels v. Williams, 474 U.S. 327, 328-36 & n. 3 (1986); Pink v. Lester, 52 F.3d 73 (4th Cir. 1995) (applying Daniels v. Williams: "The district court properly held that Daniels bars an action under § 1983 for negligent conduct[.]"). Secondly, 42 U.S.C. § 1983 does not impose liability for violations of duties of care arising under state law. DeShaney, 489 U.S. at 200-203. See also Brooks v. Celeste, 39 F.3d 125 (6th Cir., 1994) (Although several courts prior to the Supreme Court's decision in Farmer v. Brennan held that "repeated acts of negligence could by themselves constitute deliberate indifference, Farmer teaches otherwise.").

---

[2] The South Carolina Tort Claims Act, S.C. Code Ann. § 15-78-10 et seq., encompasses a "loss" from an occurrence of negligence proximately caused by a person employed by the State of South Carolina, a state agency, or political subdivision, while acting within the scope of his or her employment. Suits brought under the South Carolina Tort Claims Act must be brought in a state court within the boundaries of South Carolina. See S.C. Code Ann. § 15-78-20(e) (providing that the State of South Carolina does not waive Eleventh Amendment immunity, consents to suit only in a court of the State of South Carolina, and does not consent to suit in a federal court or in a court of another State.). Under the South Carolina Tort Claims Act, there are different limitations periods for "verified" claims and claims which fail to comply strictly with the verified claim procedure required by S.C. Code Ann. § 15-78-80. See Joubert v. S. C. Dept of Soc. Servs., 534 S.E.2d 1, 8 (S.C.Ct. App. 2000) (outlining differences between "verified" claims filed in accordance with S.C. Code § 15-78-80 as subject to three-year limitations period and all other claims being subject to two-year limitations period).

Plaintiff's Complaint lacks sufficient specific factual allegations to state a plausible claim that Defendant violated Plaintiff's due process rights, based on Plaintiff's bare bones allegations which merely state, in conclusory fashion, that Defendant "through the neglect of safety policy [was] being carelessly indifferent to [Plaintiff's] safety" in "fail[ing] to provide wet floor warning signs," thereby causing Plaintiff to slip and fall on a recently mopped floor. An allegedly negligent or careless failure to ensure that the Detention Center's safety policies and procedures were followed in this instance does not state a plausible Fourteenth Amendment claim, because "lack of care simply does not approach the sort of abusive governmental conduct that the Due Process Clause was designed to prevent." Id. at 347-48.

The applicable standard for Defendant's conduct is as follows:

> First, a constitutional violation occurs only where the deprivation alleged is "objectively, sufficiently serious." For a claim based on a failure to prevent harm, a [plaintiff] must show that he [was] detained or incarcerated "under conditions posing a substantial risk of serious harm." . . . Second, an official must have "a sufficiently culpable state of mind." In prison[/detention center]-conditions cases, the requisite state of mind is "deliberate indifference."

Brown v. Harris, 240 F.3d 383, 388-89 (4th Cir. 2001) (quoting Farmer, 511 U.S. at 834) (internal citations and secondary internal quotation marks omitted).[3] "[A] prison [or detention center] official cannot be found liable under the Eighth [or Fourteenth]

---

[3] The United States Court of Appeals for the Fourth Circuit has observed, Farmer "addressed only the duties of 'prison officials' under the Eighth Amendment. Farmer, however, merely defined the term 'deliberate indifference,' a standard previously employed by the Supreme Court in Estelle v. Gamble, 429 U.S. 97 (1976), and its progeny. See Farmer, 511 U.S. at 829. Farmer in no way undermined [the Fourth Circuit's prior] holding . . . that the same 'deliberate indifference' standard applies to both inmates and pretrial detainees. Indeed, other circuits have imported the Farmer framework into cases involving pretrial detainees." Brown, 240 F.3d at 388 n.6 (internal parallel citations omitted).

Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer, 511 U.S. at 837; see also Rich v. Bruce, 129 F. 3d 336, 339-40 (4th Cir. 1997).  While deliberate indifference to an inmate's or pretrial detainee's safety is actionable under § 1983, the deliberate indifference must relate to a known, specific risk of harm.  Pressly v. Hutto, 816 F.2d 977, 979 (4th Cir. 1987).

Here, Plaintiff fails to show that his Fourteenth Amendment rights were violated because he has not alleged that Defendant knew of a substantial risk of serious harm to Plaintiff and consciously disregarded that risk.[4]  Plaintiff's Complaint fails to allege any specific facts to establish the date, time, or circumstances of his slip and fall, nor any details concerning Plaintiff's alleged back injury.  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.  Nor does a complaint suffice if it tenders 'naked assertions[s]' devoid of 'further factual enhancement.'"  Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citations omitted).

---

[4]Courts have routinely held that slip and fall cases do not implicate the Constitution. See Bacon v. Carroll, 232 F. App'x 158, 160 (3d Cir. 2007) (holding a prisoner's assertion that prison officials failed to warn him of a wet floor stated a claim of mere negligence and not a constitutional violation); Reynolds v. Powell, 370 F.3d 1028, 1031–32 (10th Cir. 2004) (holding slippery conditions arising from standing water in a prison shower was not a condition posing a substantial risk of serious harm, even where the inmate was on crutches and had warned prison employees that he was at a heightened risk of falling); Beasley v. Anderson, 67 F. App'x 242 (5th Cir. 2003) (holding a prisoner's claim that he slipped and fell on a slippery shower floor sounded in negligence and was insufficient to allege a constitutional violation); Snipes v. DeTella, 95 F.3d 586, 592 (7th Cir.1996) (holding "an inch or two" of accumulated water in the shower was not "an excessive risk to inmate health or safety").

Plaintiff's Complaint makes no specific factual allegation that Defendant personally caused Plaintiff harm by mopping the floor and/or failing to display a wet floor warning sign, or that Defendant deliberately disregarded personal knowledge that the wet floor and absence of a warning sign posed a substantial risk of serious harm to Plaintiff, which allegedly led to Plaintiff's slip and fall.  Plaintiff does not allege any facts to show the existence of an affirmative causal link between Defendants' action or inaction and Plaintiff's alleged constitutional injury, to show that Defendant should be liable under § 1983.

Moreover, § 1983 liability cannot be imposed vicariously against a supervisory official because the doctrine of respondeat superior is generally inapplicable to § 1983 suits.  See Monell v. Dept of Soc. Servs., 436 U.S. 658, 694 (1978); Rizzo v. Goode, 423 U.S. 362, 375 (1976); Vinnedge v. Gibbs, 550 F.2d 926, 928-29 (4th Cir. 1977).  "Because vicarious liability is inapplicable to § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."  Iqbal, 129 S. Ct. at 1948.  As the Iqbal Court observed, because masters do not answer for the torts of their servants in § 1983 cases, "the term 'supervisory liability' is a misnomer."  Id. at 1949.  Indeed, the dissent in Iqbal opined that "[l]est there be any mistake, in these words the majority is not narrowing the scope of supervisory liability; it is eliminating [] supervisory liability entirely."  Id. at 1957 (Souter, J., dissenting).  Even if the majority in Iqbal did not entirely dispense with the concept of liability of a supervisor in a § 1983 case, Plaintiff's Complaint fails to plead facts sufficient to state a plausible claim under such a theory, based on Fourth Circuit precedent.  See Carter v. Morris, 164 F.3d 215, 221 (4th Cir. 1999); Shaw v. Stroud, 13 F.3d 791, 798 (4th Cir. 1994) (outlining the requirements to hold a supervisor liable for constitutional injuries inflicted by their

7

subordinates). The plaintiff must establish three elements to hold a supervisor liable for a constitutional injury inflicted by a subordinate: (1) the supervisor had actual or constructive knowledge that a subordinate was engaged in conduct that posed "a pervasive and unreasonable risk" of constitutional injury to people like the plaintiff; (2) the supervisor's response was so inadequate as to constitute deliberate indifference or tacit authorization of the subordinate's conduct; and (3) there is an "affirmative causal link" between the supervisor's inaction and the plaintiffs constitutional injury. Shaw, 13 F.3d at 799.

Plaintiff alleges Defendant "failed to enforce the safety policy of impl[e]menting wet floor signs." Complaint, ECF No. 1, p. 3. To the extent that Plaintiff attempts to rely on a "should have known" theory, in alleging that Defendant should have known of the neglect of JRLDC's safety policy and procedures by the failure to post a wet floor warning sign on this occasion, Plaintiff cannot satisfy the deliberate indifference standard that Defendant must have had actual or constructive knowledge that a subordinate was engaged in conduct that posed "a pervasive and unreasonable risk." Several courts have held that Farmer expressly adopted a subjective recklessness test for deliberate indifference which requires actual knowledge of facts establishing a substantial risk of serious harm, see Farmer, 511 U.S. at 835-40, over alternatives that permitted a finding of deliberate indifference when an official "'should have known of a sufficiently serious danger to an inmate,'" id. at 832 (quoting Young v. Quinlan, 960 F.2d 351, 360-61 (3d Cir. 1992)), or had "constructive notice," id. at 841. See, e.g., Case v. Ahitow, 301 F.3d 605, 605 (7th Cir. 2002) (citing Farmer in observing that "deliberate indifference to the plaintiff's safety[]

mean[s] that [detention center officials] knew of a serious danger to him (really knew, not just should have known, which would be all that would be required in a negligence case)"). In any event, under an actual or constructive knowledge standard, Plaintiff's allegations in this case fail to make the requisite showing and his claim against Defendant fails.

Plaintiff's proper remedy and venue for a negligence claim is a suit pursuant to the South Carolina Tort Claims Act in state court. The South Carolina Tort Claims Act waives immunity, while also providing specific, enumerated exceptions limiting the liability of the state and its political subdivisions in certain circumstances. "The Tort Claims Act 'is the exclusive civil remedy available for any tort committed by a governmental entity, its employees, or its agents except as provided in § 15-78-70(b).'" Wells v. City of Lynchburg, 331 S.C. 296, 501 S.E.2d 746, 749 (S.C. Ct. App. 1998).

## RECOMMENDATION

Accordingly, it is recommended that the Complaint be summarily dismissed, without prejudice and without issuance and service of process. See Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Brown v. Briscoe, 998 F.2d 201 (4th Cir. 1993); Todd v. Baskerville, 712 F.2d 70. (4th Cir. 1983); see also 28 U.S.C. § 1915(e)(2)(B).

Plaintiff's attention is directed to the important notice on the next page.

                                        s/Bruce Howe Hendricks
                                        United States Magistrate Judge

February 27, 2014
Charleston, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The petitioner is advised that he may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk of Court
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).